UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:17-cv-24567-RNS

CRAIG SALVANI,

    Plaintiff,

vs.

CORIZON HEALTH, INC., JOSUE
JORGE CARABALLO, M.D.,
Individually, J. TOWNSEND, L.P.N.,
Individually, STEPHANIE G.
LOZNICKA, R.N., Individually,
WEXFORD HEALTH SOURCES, INC.,
MARTA CASTILLO, M.D., Individually,
ESTHER MATHURIN, A.R.N.P.,
Individually, MARLENE HERNANDEZ,
M.D., Individually, RACQUEL Y. BLAIR,
L.P.N., Individually, LEQUITHA COOPER,
Individually, P. MEDINA, M.D., Individually,
C. HOWARD, L.P.N., Individually,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT AND
MOTION TO STRIKE CERTAIN DAMAGE CLAIMS**

Defendants, WEXFORD HEALTH SOURCES, INC. ("Wexford"), MARTA CASTILLO, M.D., MARLENE HERNANDEZ, M.D., RACQUEL Y. BLAIR, L.P.N., C. HOWARD, L.P.N. and LEQUITHA COOPER, ESTHER MATHURIN, A.R.N.P., P. MEDINA, M.D. (hereinafter collectively "Wexford Defendants") by and through their undersigned counsel, and files this their Motion to Dismiss the Amended Complaint [D.E. 40] pursuant to Fed.R.Civ.P. 12(b)(6) and Motion to Strike Certain Damage Claims pursuant to Fed.R.Civ.P. 12(f) and states as follows in support thereof:

## MOTION

1. Plaintiff's, CRAIG SALVANI Amended Complaint violates Rules 8 and 10 of the Federal Rule of Civil Procedure.

2. The allegations in the Amended Complaint do not state viable claims.

3. Therefore, the Amended Complaint should be dismissed.

4. Additionally, the Amended Complaint does not state viable claims with regard to certain damages more specifically shown below.

5. Therefore, the specific damage claims should be stricken.

## MEMORANDUM OF LAW

**I. INTRODUCTION**

Plaintiff, CRAIG SALVANI, filed this action alleging Defendant, WEXFORD HEALTH SOURCES, INC.'s employees MARTA CASTILLO, M.D. (Count 4); ESTHER MATHURIN, A.R.N.P. (Count 5); MARLENE HERNANDEZ, M.D. (Count 6); RACQUEL Y. BLAIR, L.P.N. (Count 7); LEQUITHA COOPER (Count 8), P. MEDINA, M.D. (Count 9); C. HOWARD, L.P.N. (Count 10); violated 42 USC § 1983, Plaintiff's rights under the 8th Amendments by their alleged deliberate indifference to his serious medical needs. Mr. Salvani also alleges that WEXFORD HEALTH SOURCES, INC. violated 42 USC § 1983, Plaintiff's rights under the 8th Amendment by its failure to supervise, train and take corrective measures (Count 12); by having customs, polices and practices of deliberate indifference (Count 14). Collectively, these defendants will be referred to herein as the Wexford Defendants.

These causes of action stem from the Wexford Defendant's medical treatment of Mr.

Salvani, while he was an inmate in the Florida Department of Corrections, housed at the South Florida Reception Center during the 14 days from February 6 to February 20, 2014, after which he was transferred to the Reception Medical Center in Lake Butler, where he was allegedly under the medical care of co-defendant, CORIZON HEALTH, INC. Mr. Salvani alleges that while at the South Florida Reception Center ("SFRC"), and under the medical care of Wexford, an initial screen and medical assessment was done by LEQUITHA COOPER. (¶ 66). The blood draw results established there was an infection (¶ 67), and the urinalysis results established he had blood in his urine and other abnormal readings. (¶ 68). Mr. Salvani also complained of not feeling well and was coughing up green mucus. (¶ 69). On February 12, 2014, ESTHER MATHURIN, ARNP conducted an initial medical exam and noticed the previous labs were abnormal. (¶ 71, 72). She noted that Mr. Salvani continued to complain about neck and back pain and scheduled him for an x-ray of his spine. (¶ 73). The radiology report indicated there was a granuloma on his left lung and stated a follow-up x-ray was needed (¶ 74) but no follow up was scheduled. (¶ 75). Five days later, Mr. Salvani made a sick call (¶ 76) and was seen by DR. MARTHA CASTILLO (¶ 77) who ordered more tests which showed infection, including an EKG which showed abnormal results. (¶¶ 78-80). Mr. Salvani was transferred from SFRC to Reception Medical Center, Lake Butler on February 20th, 2014. (¶ 82). Once transferred, Mr. Salvani was no longer under the care of Wexford. Allegedly, while at Lake Butler, his condition worsened resulting in septic shock and ultimately amputation of both his legs due to necrosis. (¶¶82-105).

The Wexford Defendants move this Court to dismiss the counts of the Amended

Complaint that implicate them for the following reasons: **A.** the Amended Complaint Violates Federal Rules of Civil Procedure 8 and 10; **B.** Mr. Salvani fails to state a cause of action upon which relief can be granted.  **C.** Furthermore, this Court should strike certain damage claims as they are not supported by law.

**II.   ARGUMENT**

    **A. THE AMENDED COMPLAINT VIOLATES FEDERAL RULES OF CIVIL PROCEDURE 8 AND 10.**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 10(b) requires that "A party must state its claim or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Mr. Salvani's Amended Complaint violates these rules. It is 88 pages, 462 paragraphs (when paragraph numbers are used), 12 defendants, and 14 counts.  It is the type of pleading that impairs the ability of this Court to expeditiously resolve the claims alleged. Cramer v. State of Florida, 117 F.3d 1258, 1259, 1263 (11th Cir. 1997) (a district court should have on its own initiative stricken the appellant's complaint, which included "vague and poorly articulated claims that a myriad of defendants discriminated against them," because it was a kind of pleading that exacts "an intolerable toll on the trial court's docket, lead[s] to unnecessary and unchanneled discovery, and impose[s] unwarranted expense on the litigants, the court and the court's para-judicial personnel and resources.").

This Court need look no further than the unnumbered two and half pages of Common Allegations of Fact/ Introduction with references that are clearly redundant, immaterial, impertinent, and scandalous. See Amended Complaint pages 2 – 4.  Additionally, there are

52 paragraphs of "Background Facts" (see ¶¶ 54-105).

Moreover, apart from the "Parties" section of the Amended Complaint, each and every individual Defendant is "described" separately, in approximately 15 paragraphs each, spanning 17 pages of the Amended Complaint.  See pages 19 – 36.  The corporate Defendant, CORIZON HEALTH, INC. is described over 7 pages of immaterial, impertinent, and scandalous past verdicts and investigations. See pages 37 – 44. Corporate Defendant, WEXFORD HEALTH SOURCES, INC. is described in 3 pages including allegations such as Wexford has a culture, policy, and practice of "making false statements in reports, and failing to provide all facts in an unbiased and neutral manner because cost savings is more important to Wexford." See ¶ 280.  Yet, there are no allegations that WEXFORD made false statement in any reports relating to the Plaintiff, Mr. Salvani.

While Fed.R.Civ.P. 12(f) provides the Wexford Defendants a vehicle to strike these "redundant, immaterial, impertinent, or scandalous matter[s]", to excise all of the allegations violative of Rule 12(f) that have metastasized throughout the Amended Complaint would require removing, among other things, sentences from within paragraphs, the difficulty of which would outweigh the benefit.  Whereas ordering Plaintiff to start anew within the requirements of Rule 8, 10, and 12(f) would be more efficient and effective to the parties and this Court.

If this Court determines the Amended Complaint should not be dismissed for the aforementioned and following arguments, the Wexford Defendants would move this Court for an extension of time through which to prepare a comprehensive Motion to Strike under Rule 12(f) of the Amended Complaint's offending unnumbered paragraphs, numbered

paragraphs, and sentences within numbered paragraphs.

Federal Rule of Civil Procedure 10(b) also requires parties to plead claims and defenses clearly into separate claims founded on separate transactions or occurrences. Failure to comply with these pleading guidelines results in shotgun pleadings, and which are "altogether unacceptable." Cramer at 1263.  Mr. Salvani's Amended Complaint violates 10(b) insofar as each count against the Wexford Defendants begins with "Plaintiff re-alleges and re-incorporates the Common Allegations of Fact into this Claim." See e.g. Count 4, ¶ 318. The Common Allegations of Fact incorporated into each count includes 45 pages and 285 numbered paragraphs, much of which should be stricken under Rule 12(f), thus tainting each count with redundant, immaterial, impertinent, or scandalous allegations, violating Rule 10(b).

### B. Mr. Salvani Fails to State a Cause of Action Upon Which Relief Can Be Granted.

#### 1. Mr. Salvani fails to state a cause of action for Deliberate Indifference Counts 4 through 10.

"'[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain,' which is prohibited by the Eighth Amendment." Harris v. Leder, 519 Fed.Appx. 590, 595 (11th Cir. 2013) (citing Estelle v. Gamble, 429 U.S. 97, 104, (1976) (internal quotation marks omitted)). "To establish deliberate indifference to a serious medical need, an inmate must show: (1) an objectively serious medical need that, if left unattended, poses a substantial risk of serious harm (the objective component); and (2) that the response made by public officials to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or

treatment, or even medical malpractice actionable under state law (the subjective component)." Harris, 519 Fed.Appx. at 595-96 (internal quotations and citations omitted). "Disagreement over a matter of medical judgment does not constitute cruel and unusual punishment." Id. at 596. "[T]he question of whether governmental actors should have employed additional…forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Id. (citing Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (quoting Estelle, 429 U.S. at 107)).

Additionally, there must be a showing that the acts of the medical defendants were intentional or reckless. Duff v. Prison Health Services, 2011 WL 4542507 at *8 (M.D. Fla. 2011) (citing Farmer v. Brennan, 511 U.S. 825, 833-38 (1994); Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1191 n. 28 (11th Cir. 1994) (recognizing that the Supreme Court has defined "deliberate indifference" as requiring more than mere negligence and has adopted a "subjective recklessness" standard from criminal law)). "The deliberate indifference standard is a demanding one, and a showing of negligence is never enough, as the Supreme Court has stated that 'a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment…'" Duff, 2011 WL 4542507 at *8 (quoting Estelle, 429 U.S. at 104, 106). See also McElligott v. Foley, 182 F.3d 1248, 1256 (11th Cir. 1999) (holding that failure to diagnose an inmate's colon cancer did not constitute deliberate indifference, even though it could be deemed extremely negligent).

"In order to properly establish the subjective component of the deliberate indifference analysis, the plaintiff must show that: (1) the defendants subjectively knew that a substantial risk of harm existed, (2) they disregarded that substantial risk, and (3) their conduct in disregarding that risk was more deliberate than mere negligence." Williams v. Arnold, 207 Fed.Appx. 980,

984 (11th Cir. 2006). "To establish the subjective component of deliberate indifference, the plaintiff must essentially show that the defendant intended to punish the plaintiff by depriving the plaintiff of necessary medical care." Id. at 984. "[W]hen a prison inmate has received medical care, courts hesitate to find an Eighth Amendment violation." Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989).

See also Miller v. Correctional Medical Services, Inc., 2010 WL 3723998 (M.D. Ala. 2010) (dismissing plaintiff's § 1983 claims arising from inmate's death from sepsis due to defendants' failure to properly treat inmate's decubitus ulcers, or bed sores, on his body; plaintiff's allegations that defendants failed to properly diagnose and treat the inmate, misprescribed medication, failed to provide adequate or timely examinations, appropriate monitoring of medical conditions, appropriate plans of care, assessment of underlying medical conditions, and failed to follow internal policies and protocols for patient records, monitoring and treatment, may show gross negligence or medical malpractice, but did not rise to the level of deliberate indifference); Williams v. Arnold, 207 Fed.Appx. 980, 985 (11th Cir. 2006) (concluding that jail officials' delays in obtaining inmate's prescription medications for inmate's serious medical condition did not constitute deliberate indifference to support § 1983 claim for Eighth Amendment violation); Deese v. City of Jacksonville, 2008 WL 5158289 at *12 (M.D. Fla. 2008) (concluding that defendants' treatment of inmate's sepsis, infected toe, and gangrene, which eventually led to amputation of leg, did not rise to level of deliberate indifference); Lee v. Alachua County, 2011 WL 2580162 (N.D. Fla. 2011) (dismissing inmate's § 1983 claim on grounds that alleged medical treatment of inmate's severe stomach virus did not rise to level of deliberate indifference; the defendants' failure to treat the inmate within the medical department and the nurse's recommendation that the inmate simply stay in bed and drink plenty

of water until the virus ran its course did not constitute deliberate indifference—disputes in medical judgment do not rise to the level of deliberate indifference); Schneider v. Parker, 2011 WL 722759 at *4 (M.D. Fla. 2011) (dismissing inmate's § 1983 claim on grounds that alleged medical treatment of inmate's staph infection and delay in such treatment did not rise to level of deliberate indifference; inmate's claim essentially disagreed with course of treatment prescribed and thus, fails to state a viable claim of deliberate indifference to medical care); Kidd v. Maryweather, 2007 WL 2206847 at *6 (M.D. Ala. 2007) (concluding that treatment of inmate's spider bite and resultant staph infection and pneumonia and inmate's contention that he should have been placed in a medical observation unit and prescribed other antibiotics did not constitute deliberate indifference).

With regard to the subjective analysis of the deliberate indifference claims, Mr. Salvani's allegations, even if assumed to be true for the purposes of this motion, fail to satisfy the subjective component of deliberate indifference. There are absolutely no allegations that would indicate that the individual Wexford Defendants alleged actions were intended to punish Mr. Salvani or otherwise recklessly or intentionally hurt him. Mr. Salvani does make allegations that "Defendant intentionally or by exercising deliberate indifference, failed or refused to provide Plaintiff with the medical care and access to specialized care known to be necessary under the circumstances." See e.g. ¶ 325. But, there is nothing more. Mr. Salvani never alleges that these actions were intended to hurt him, and therefore fail to state a cause of action.

    **2.**    **PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR COUNTS 12 AND 14.**

Mr. Salvani has failed to state a cause of action for Count 12 (Violation of 42 U.S.C. 1983, 8th Amendment Violation—Deliberate Indifference by Wexford for Failure to Supervise, Train, and Take Corrective Measures) and Count 14 (Violation of 42 U.S.C.

1983, 8th Amendment Violation Deliberate Indifference by Wexford's Customs, Policies, and Practices. Both counts, as plead by Mr. Salvani sound in negligence which does not rise to the level of constitutional violations.

"After incarceration, only the unnecessary and wanton infliction of pain… constitutes cruel and unusual punishment for been by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 citing Ingraham v. Wright, 430 U.S. 651, 670 (1977). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interest or safety." Id. at 319. "Accordingly, under [Supreme Court cases] Estelle and Farmer, deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) **by conduct that is more than mere negligence**." McElligott v. Foley, 182 F.3d 1248 (11 Cir. 1999).

Count 12 and Count 14 are, for purposes of this argument, substantially similar in their pleading, other than the allegation of Count 12 is "Deliberate Indifference by Wexford for Failure to Supervise, Train, and Take Corrective Measures" while Count 14 is "Deliberate Indifference by Wexford's Customs, Policies, and Practices." Both Counts allege the duty, breach, causation elements of negligence rather than the elements for deliberate indifference. For instance, "Defendant also had a duty under the U.S. Constitution to ensure that policies, customs, practices, and procedures were in place to ensure the provision of adequate medical care to inmates. . . ." (¶ 411). "Defendant knew or should have known, of a history, custom, propensity, and pattern of its employees and agents to fail or refuse to provide prompt, adequate, competent, and necessary medical care. . . ." (¶ 414)

As a direct, proximate, and foreseeable result of Defendant's actions, Plaintiff has and will continue to suffer injuries. . . . (¶ 421).

Counts 12 and 14, although titled "Deliberate Indifference" are plead as mere negligence claims. The law is clear that deliberate indifference requires conduct that is more than mere negligence. Accordingly, Counts 12 and 14 should be dismissed.

### C.  CERTAIN DAMAGE CLAIMS SHOULD BE STRICKEN AS THEY ARE NOT SUPPORTED BY LAW OR FACT.

Mr. Salvani seeks relief for his Federal claims and his Florida state law claims. These damages are not supported by law or fact and should be stricken from the Amended Complaint under Fed.R.Civ.P. 12(f) which permits the Court to strike "redundant, immaterial, impertinent, or scandalous matter[s]."

Mr. Salvani seeks relief in the form of (1) punitive damages and (2) monetary loss associated with costs of defense of criminal proceeding.

As to (1) punitive damages, it is well settled that punitive damages are appropriate in § 1983 cases "where a defendant's conduct is motivated by evil intent or involves callous or reckless indifference to federally protected rights." H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1089 (11th Cir. 1986) citing Smith v. Wade, 461 U.S. 30, 56 (1983). Yet, as argued above, Mr. Salvani has not alleged the requisite intent to establish deliberate indifference, let alone the heightened requirement of "conduct motivated by evil intent" to establish punitive damages. The claim for (2) monetary loss associated with costs of defense of criminal proceeding is not supported by law of fact. Generally, it is required that damages must reasonably flow from the wrongdoing. Mr. Salvani has nowhere plead how the alleged deliberate indifference caused him to commit a crime, resulting in Mr. Salvani having to pay

a criminal defense lawyer to defend him, as this particular damage claim necessarily implies.

### III. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, the Amended Complaint should be dismissed and the certain damages claims should be stricken.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was E-filed with the Clerk of Court through the CM/ECF system on May 9, 2018, and is to be E-served by the Court Clerk to: **ALISTAIR MCKENZIE, ESQUIRE,** amckenzie@mckenzielawfirm.com, Attorney for Plaintiff, MCKENZIE LAW FIRM, P.A., 905 East Hatton Street, Pensacola, FL 32503-3931 (850-432-2856/ FAX # 850-202-2012); and **GREGG A. TOOMEY, ESQUIRE,** gat@thetoomeylawfirm.com; alr@thetoomeylawfirm.com; hms@thetoomeylawfirm.com, Counsel for Defs/CORIZON HEALTH, INC., JOSUE JORGE CARABALLO, M.D. and JAMES TOWNSEND, L.P.N., 1625 Hendry Street, Suite 203 The Old Robb & Stucky Building, Fort Myers, FL 33901 (239-337-1630 / FAX # 239-337-0307), **ROBERT PARADELA, ESQUIRE and LORI LEWELLEN**, rparadela@wickersmith.com, llewellen@wickersmith.com Wicker Smith, P.A. Counsels for Def/ James Townsend, L.P.N., 515 E. Las Olas Blvd., Suite 1400. Ft. Lauderdale, FL 33301.

CHIMPOULIS, HUNTER & LYNN, P.A.
Attorneys for Defs/WEXFORD HEALTH SOURCES, INC.**/** DR. MARTA CASTILLO/ DR. MARLENE HERNANDEZ/ RAQUEL BLAIR, L.P.N/  C. HOWARD, L.P.N./ RACQUEL Y. BLAIR, L.P.N./  LEQUITHA COOPER/ ESTHER MATHURIN, A.R.N.P./ DR. P. MEDINA
150 South Pine Island Road - Suite 510
Plantation, FL  33324
Phone: (954) 463-0033 / FAX:  (954) 463-9562


BY:   /s/ Alexander Dombrowsky
         ALEXANDER DOMBROWSKY, ESQ.
         Florida Bar No.:  186260
         Email – adombrowsky@chl-law.com
         M. KATHERINE HUNTER, ESQUIRE
         Florida Bar No.:  981877
         Email – khunter@chl-law.com