UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Craig Salvani,

        Plaintiff(s),

   vs.

Corizon Health, Inc., et al.

        Defendant(s).

Case No. 1:17-CV-24567

### Plaintiff's Response in Opposition to Defendant Corizon's Motion to Dismiss (Doc. 44)

Corizon's motion to dismiss fails because Plaintiff's amended complaint makes sufficient factual allegations about Defendants' conduct and knowledge and alleges a viable deliberate indifference claim against each individual defendant.

## 1. Summary of Defendants' Argument

Defendant's argument is one argument with 3 components:

o The allegations of the Amended Complaint do not state a viable claim against the Corizon Defendants: 1) there are insufficient allegations against Loznicka, 2) Caraballo provided some medical care so there is no deliberate



indifference claim, and 3) The *Monell* claims are insufficient.

## 2. Summary of Plaintiff's Argument

o There are clear and specific non-conclusory factual allegations against each Corizon defendant in the Amended Complaint sufficient to bring a claim.

o The allegations make out a clear case of an 8th amendment deliberate indifference claim.

## 3. Facts

1. Plaintiff's Amended Complaint (Doc. 40) provides a clear and detailed timeline with specific allegations on the events which unfolded involving Plaintiff which led to his near death and loss of both of his legs due to the failure of Defendants to deal with a simple infection Plaintiff had and to timely deal with an unfolding medical emergency when he presented to Defendants with

2. The amended complaint makes explicit factual allegations and legal claims about each Defendant in the complaint.

3. The specific factual allegations in ¶¶ 8,10, 20, 21, 24-26, 30-32, 54-59, 63-120, and 133-144, establish Corizon was involved in the medical care of Mr. Salvani and was responsible for knowing that at the time he was brought to RMC Lake Butler that he had a serious medical condition (an infection that was worsening, a



granuloma in his lung, and green mucus, neck, and back pain) over a period of time sufficient to respond medically and Corizon failed to respond medically other than telling him he would be confined if he complained and each defendant is alleged to know about this. ¶¶ 106-144 expressly indicates for each individual Corizon defendant that they knew of the serious medical needs and did nothing to have Mr. Salvani treated. Additionally, they are each individually alleged to have for no apparent reason delayed sending him to an emergency room for more than 7 hours while he was obviously in critical condition, unable to speak, hyperventilating, severely dehydrated, hypotensive, he is confused, and starting an IV is impossible. ¶¶ 63-105.

4.   ¶¶ 229-267 detail corporate Corizon's customs, policies, and practices and provides extensive examples of the widespread practices of Corizon throughout Florida, including that Corizon was terminated from its contract with the Department of Corrections because of widespread failures to provide care and widespread delays in the provision of care. There is even in ¶¶ 119-120 specific allegations about a previous in-custody death at RMC Lake Butler, prior to Plaintiff's incident which subjected Defendant Caraballo to administrative action by the Board of Health for failing to treat an inmate by delaying evacuation of him to a hospital, and Corizon



with knowledge of this maintained Caraballo on staff as the senior physician at RMC Lake Butler.

5.    Corizon is also alleged specifically in ¶ 58 to be aware that Loznicka, Townsend, and Caraballo engaged in cost saving measures by denying medical care to Plaintiff and others which caused them injuries, actions which Corizon itself encouraged and implemented policies to reinforce this.

6.    Corizon's knowledge of Salvani's issues are specifically alleged in the legal claims as well which incorporates these specific factual allegations to each Corizon defendant. This is contained in ¶¶ 285-295, 307-317, 294-408, 423-442. And yet again, it is specifically pled that Corizon was knowledgeable about Plaintiff's conditions and failed to act.

### 4. The Legal Standards for Motions to Dismiss

Fed. R. Civ. P. 12(b)(6) governs motions to dismiss. Under that rule, a "motion to dismiss should not be granted unless it appears to a certainty, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is, as we have stated previously, exceedingly low." *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 702-03 (11th Cir. 1985).



In ruling on a motion to dismiss a court must accept the factual allegations as true and view them in the light most favorable to the plaintiff. *See Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). This includes accepting all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)).

In a complaint, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Because of *Ashcroft v. Iqbal*, 556 U.S. 662, 678–69 (2009), which applied the Twombly pleading standard in a civil rights/qualified immunity context, there is no longer a "heightened pleading" standard in "cases governed by Rule 8(a)(2), including civil rights [cases]" under § 1983. *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

"[U]nless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to



relief," the complaint should not be dismissed for failure to state a claim. *M/V Sea Lion v. Reyes,* 23 F.3d 345, 347 (11th Cir.1994) (citations omitted).

For a claim to be sufficient Fed. R. Civ. P. 8 (a) requires three things: "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S. Ct. at 1950.

As the Supreme Court has clarified the federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.,* 135 S. Ct. 346, 347, 190 L. Ed. 2d 309 (2014) (per curiam). The Supreme Court in *Shelby,* citing to *Wright & Miller,* stated: "[t]he federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief." *Id.* at 347. While it is helpful to set forth clear legal claims and counts, the



legal standards of setting forth a complaint sufficient to survive a motion to dismiss are minimal.

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## 5. Argument

### 5.1. Plaintiff's Second Amended Complaint is Well-Pled.

To understand why Plaintiff's complaint is sufficient, we must first look at what makes a complaint insufficient in the eyes of the 11th Circuit. Plaintiff's complaint makes none of these errors.

A complaint that lumps each defendant into each claim and never differentiates them is a bad complaint subject to dismissal. *Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-60602-CIV-MARRA/SELTZER, 2006 U.S. Dist. LEXIS 96422 (S.D. Fla. Apr. 13, 2006). That is unlike this complaint which contains discrete legal



claims against discrete defendants and contains specific allegations on each defendant of what they knew and did.

In the seminal opinion from the 11th Circuit on "shotgun pleadings," four main types were identified. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Those are:

- o **The most common** – A complaint containing multiple counts where each count adopts the allegations of all preceding counts, so the last count contains all allegations of the whole complaint.

- o **The second type** – A complaint replete with conclusory, vague, and immaterial facts not obviously connected to any cause of action.

- o **The third type** – A complaint which does not separate into a different count each cause of action or claim for relief.

- o **The fourth type** – A complaint where some counts present more than one discrete claim within it.

*Weiland*, 792 F.3d at 1321-23. The court also mentions the rare "sin" of asserting multiple claims against multiple defendants without specifying which defendants are responsible for which acts or omissions, or which defendants the claims are brought against. *Id*.

A quick review of the complaint at issue—with these shotguns pleadings in mind—reveal that Plaintiff's complaint commits none



of the pleading sins identified by the *Weiland* court. Instead, Plaintiff's complaint gives adequate notice to each defendant of the facts they are accused of participating in or knowing and the claims being brought against them because of those facts.

Additionally, there is no prohibition to having a complaint with a section of general factual allegations and use of such a section "… is not problematic." *Small v. Amgen, Inc.*, 2 F. Supp. 3d 1292, 1297 (M.D. Fla. 2014).

The amended complaint contains a general allegations section and it is equally unproblematic as the defendants can understand the section is making allegations against every defendant. Each discrete legal claim refers to specific paragraphs which eliminates any doubt a defendant may have on what it is alleged that they knew or did not know. This Court must find Defendants' pleading deficiency argument fails because as pointed out above in the facts section of this response, the Amended Complaint (Doc. 40) contains sufficient, specific factual allegations against Corizon. There is nothing unclear about this complaint despite its length (a length required due to the numerous defendants, and the need to make express and clear allegations against each defendants, less Plaintiff be accused of not pleading specific facts.



### 5.2.  The Factual Allegations are Sufficient and Support the Legal Claims of Deliberate Indifference.

The individual claims of deliberate indifference set forth factual allegations and allow factual inferences which establish each Defendant objectively knew of the serious medical need of Plaintiff, they knew failure to treat a serious medical need could be catastrophic, and they still subjectively disregarded the risks of serious harm to Plaintiff, which resulted in the serious harm to Plaintiff.

To state a deliberate indifference claim, a plaintiff must establish "an objectively serious [medical] need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." *Kuhne v. Florida Dep't of Corr.*, 745 F.3d 1091, 1094 (11th Cir. 2014); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

The amended complaint alleges Salvani was suffering from an infection, had a highly suspicious granuloma in his lung, was expressing physical signs and verbal complaints that were documented in his medical records and in lab reports, it alleges the infection was not treated, that his condition worsened, that he requested medical assistance and was not treated with a simple antibiotic. It alleges Corizon knew of this infection, that they threatened to have him placed in confinement for making medical



complaints, and that even when he was finally brought to the Corizon defendants in a state of emergency, they engaged in unconscionable delays of 7 ½ hours before evacuating him by ambulance.

As to the individual Corizon defendants, the complaint shows Plaintiff had an objectively serious medical need, Corizon's response was objectively insufficient, Corizon was subjectively aware of the need, and did nothing remotely adequate in response. The amended complaint checks every box factually and legally needed to make a claim against Corizon. Defendant's motion to dismiss on this argument must fail.

### 5.3.  The Claims as Alleged Amount to a Deliberate Indifference Claim

Clearly established law makes it clear that just because some medical treatment has been provided does not mean there cannot be a claim for deliberate indifference. This is contrary to the rule of law Corizon argues for, that the facts alleged cannot be a claim for deliberate indifference because some medical care was provided to Plaintiff.

"[I]t is 'clearly established... that an official acts with deliberate indifference when he intentionally delays providing... access to medical treatment, knowing that the [arrestee] has a life-



threatening condition or an urgent medical condition that would be exacerbated by delay." *Valderrama v. Rousseau*, 780 F.3d 1108, 1121 (11th Cir. 2015) (quoting *Lancaster v. Monroe Cnty., Ala.*, 116 F.3d 1419, 1425 (11th Cir.1997).

"When prison guards ignore without explanation a prisoner's serious medical condition that is known or obvious to them, the trier of fact may infer deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (citing to *Thomas v. Town of Davie*, 847 F.2d 771, 772–73 (11th Cir.1988); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 704 (11th Cir.1985)). Specifically, it has been long clearly established:

> that an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate. *See Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176, 1186 (11th Cir. 1994) ("[K]nowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference."); *Carswell v. Bay County*, 854 F.2d 454, 457 (11th Cir. 1988) ("[W]ith evidence of knowledge [of the prisoner's need for medical care] the jury could have concluded that the failure to provide Carswell with medical care constituted deliberate indifference."); *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 704 (11th Cir. 1985) ("[K]nowledge of the need for medical care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference.").



*Lancaster v. Monroe Cty., Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997). It
has been clearly established that "an official acts with deliberate
indifference when he intentionally delays providing an inmate with
access to medical treatment, knowing that the inmate has a life-
threatening condition or an urgent medical condition that would be
exacerbated by delay." *Id.*

   "[A] medical professional cannot bury her head in the sand, fail
to obtain a diagnosis for an obvious medical need, and avoid
liability. Indeed, under some circumstances, the fact that a condition
is undiagnosed may itself be evidence that there was deliberate
indifference." *Bryant v. Orange Cty.*, No. 6:17-cv-1423-Orl-31KRS,
2018 U.S. Dist. LEXIS 2642, at *14 (M.D. Fla. Jan. 8, 2018). Even
when some medical treatment is provided it can still amount to
deliberate indifference when it is so grossly incompetent,
inadequate, or excessive as to shock the conscience or to be
intolerable to fundamental fairness. *Harris v. Thigpen*, 941 F.2d 1495,
1505 (11th Cir. 1991). "The indifference can be manifested by
prison doctors in taking the easier and less efficacious route in
treating an inmate." *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.
1986) (approving *Williams v. Vincent*, 508 F.2d 541 (2d Cir.1974).
"Although a government doctor may be entitled to qualified
immunity, to be so he 'has a duty to do more than simply provide



some treatment to a prisoner who has serious medical needs; instead, the doctor must provide medical treatment to the patient without consciously exposing the patient to an excessive risk of serious harm.'" *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 544 (6th Cir. 2008) (quoting *LeMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001)). The provision of some medical services in response to a serious medical risk is not necessarily sufficient to defeat a claim of deliberate indifference. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).

"[E]ven where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is relevant in determining what type of delay is constitutionally intolerable." *Farrow v. West,* 320 F.3d 1235, 1246 (11th Cir. 2003). A "…substantial and inordinate delay in treatment raises a jury question…" *Farrow v. West*, 320 F.3d 1235, 1246 (11th Cir. 2003). "An unexplained delay of hours in treating a serious injury states a prima facie case of deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990); *Hughes v. Noble*, 295 F.2d 495, 496 (5th Cir. 1961) (13-hour delay actionable); *Fitzke v. Shappell*, 468 F.2d 1072 (6th Cir. 1972) (12-hour delay actionable); Aldridge v.



Montgomery, 753 F.2d 970 (11th Cir. 1985) (2 ½ hour delay actionable). This is the binding law of this Circuit.[1]

### 5.3.1. The Individual Corizon Defendant Claims are Sufficient

As set forth in the arguments in the section above, the amended complaint alleges claims in Doc. 40, Counts 1-3 for deliberate indifference that establish a failure to provide medical care, the provision of grossly incompetent care, and wholly inadequate delays in treatment while faced with a critical patient. At the first instance when Salvani presented to Corizon medical staff at the time he came into RMC Lake Butler his medical records indicated he was suffering from an infection and had a suspicious granuloma, coupled with his verbal complaints. They did nothing to treat this and instead allowed him to become septic and in critical condition. When they were individually confronted with him in this state, they simply did not respond with any humanity allowing him to lay there in critical condition for over 7 hours before calling for an ambulance. Both Loznicka and Caraballo are specifically alleged to have taken part in this situation and to have full knowledge of the

---

[1] It is worth noting that the litany of cases cited by Corizon are primarily district court cases which are not binding, do not stand for clearly established law, and are not the law of this Circuit.



situation. Both Loznicka and Caraballo had an opportunity to act, and failed to act while Plaintiff lay there in critical condition.

Corizon's second argument, that the allegations don't make out a claim for deliberate indifference fails. Their argument wholly ignores the decades-long body of law on deliberate indifference that establishes that delays in treatment and the inadequate provision of medical care can sound in deliberate indifference. At best, Corizon has established there is a factual conflict at this point which requires submission of these claims to a jury. The Corizon individual defendants' motion to dismiss on this issue must fail.

### 5.3.2.   The Corizon *Monell* Claims are Sufficient.

As to the *Monell* claims in Counts 11 and 13, it is clear a *Monell* claim for deliberate indifference has been made and Corizon's argument fails on this point as well. The complaint sets forth sufficient factual allegations and inferences that the *Monell* defendants have a custom, policy, and practice of denying needed medication to prisoners, failing to train and supervise its employees, have a custom of not following their own procedures and policies for treatment, failed to implement policies when it knew there was a need, failed to have proper screening procedures and assessments in place, have policies which create a culture of indifference and disregard to the value of human life, have policies



that place cost savings above providing adequate and necessary medical treatment, have customs, policies, and training programs that focus disproportionately on cost reductions and cost savings rather than on the provision of adequate medical care, and fails to adequately educate its employees and agents on what constitutes adequate medical care. Specific widespread policies known to the public and state officials about Corizon's conduct is alleged in ¶¶ 229-267.

As alleged, the individual defendants acted in accordance with these customs, policies, and practices when they acted with deliberate indifference. The *Monell* defendants caused the constitutional violations.

To state a *Monell* claim, a plaintiff must allege facts showing: "(1) that his constitutional rights were violated; (2) that the [entity] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). The Supreme Court has explained that the custom or policy must be the "moving force" behind the constitutional deprivation for there to be sufficient causation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-94, 98 S. Ct. 2018, 2035-38, 56 L. Ed. 2d 611 (1978). The test is whether there exists a policy, custom or action by those who



represent official policy which inflicts an injury actionable under Section 1983. *Id.* at 694.

One example of the viability of Plaintiff's *Monell* allegations is that this Court knows that failure to train constitutes a policy or practice "where the failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." *Cook v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1116 (11th Cir. 2005) (citing to *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). Based on failing to train allegation alone plaintiff has established a sufficient policy to move this case forward on its *Monell* claims.

The Amended Complaint sufficiently and accurately incorporates specific factual allegations from the "Common Allegations of Fact" which make out a claim that Plaintiff's 8th Amendment rights were violated, it specifically incorporates the individual allegations against its employees, establishing their knowledge of the facts and failure to act, further clarifying their violations of Plaintiff's constitutional rights, and includes the specific policy allegations into the claim. Finally, the legal claims themselves allege correctly that the policies and customs caused the violation of Plaintiff's rights and resulted in devastating injuries to him.



As this district court has consistently held on motions to dismiss, alleging that a Defendant like Corizon or Corizon has a custom or policy of delaying or denying necessary treatment for non-medical reasons sets forth a viable *Monell* claim of deliberate indifference. *Lafavors v. Jones*, No. 16-CV-14280-ROSENBERG, 2016 U.S. Dist. LEXIS 116641, at *17 (S.D. Fla. Aug. 29, 2016); *Fisher v. Miami-Dade County*, 114 F.Supp.3d 1247 (S.D. Fla. 2015).

Plaintiff's amended complaint makes the very same custom and policy allegation, plus many more against Corizon as seen in ¶¶ 229-267, which are allegations specifically incorporated into Counts 11 and 13. The Court must also deny Corizon's motion to dismiss as to the *Monell* claims.

## Conclusion

Plaintiff's amended complaint is clear, factually rich, and legally sufficient. This Court must deny Corizon's motion to dismiss. In the alternative, should this Court determine to dismiss any or all of the Amended Complaint, Plaintiff requests leave to amend to cure any deficiencies.



Submitted on May 23, 2018.

> _/s/J. Alistair McKenzie_
> J. Alistair McKenzie, Esq.
> Florida Bar Number: 91849
> **McKenzie Law Firm, P.A.**
> 905 East Hatton Street
> Pensacola, FL 32503-3931
> Telephone: (850) 432-2856
> Facsimile: (850) 202-2012
> Email:
> amckenzie@mckenzielawfirm.com
> Attorneys for Plaintiff

## Certificate of Service

I certify that on this the 23rd day of May 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following attorneys for Defendant(s):

M. Katherine Hunter, Esq.
Alexander Dombrowsky, Esq.
**Chimpoulis, Hunter & Lynn, P.A.**
150 South Pine Island Rd. Suite 510
Plantation, Florida 33324
Email: khunter@chl-law.com;
adombrowsky@chl-law.com
_Attorney for Defendants Wexford Health Sources, Inc., Dr. Marta Castillo, Dr. Marlene Hernandez, Racquel Blair, L.P.N., C. Howard, L.P.N., Lequitha Cooper, Esther Mathurin, A.R.N.P., Dr. P. Medina_

Robert Paradela, Esq.
Lori Lewellen, Esq.
**Wicker Smith O'Hara McCoy & Ford, P.A.**
515 E. Las Olas Blvd. Suite 1400
Ft. Lauderdale, Florida 33301
Email: rparadela@wickersmith.com;
llewellen@wickersmith.com
_Attorneys for Defendant J. Townsend, L.P.N._



Gregg A. Toomey, Esq.
**The Toomey Law Firm LLC**
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, Florida 33901
Email: gat@thetoomeylawfirm.com;
alr@thetoomeylawfirm.com;
hms@thetoomeylawfirm.com
*Attorneys for Defendants Corizon, Jorge-*
*Caraballo, and Loznicka*

/s/ J. Alistair McKenzie
J. Alistair McKenzie, Esq.
Florida Bar Number: 0091849

