UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CRAIG SALVANI,

    Plaintiff,

v.

CORIZON HEALTH, INC., JOSUE
JORGE CARABALLO, M.D., J.
TOWNSEND, L.P.N., STEPHANIE G.
LOZNICKA, R.N., WEXFORD
HEALTH SOURCES, INC., MARTA
CASTILLO, M.D., ESTHER
MATHURIN, A.R.N.P., MARLENE
HERNANDEZ, M.D., RACQUEL Y.
BLAIR, LPN, LEQUITHA COOPER, P.
MEDINA, M.D., and C. HOWARD,
L.P.N.,

    Defendants.
_____/

Case No.: 1:17-CV-24567-RNS

## DEFENDANTS CORIZON HEALTH, INC., JOSUE JORGE-CARABALLO, M.D., AND STEPHANIE LOZNICKA, R.N.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Corizon Health, Inc. ("Corizon"), Josue Jorge-Caraballo, M.D. ("Jorge-Caraballo"), and Stephanie Loznicka, R.N. ("Loznicka"), (collectively "Corizon Defendants") file their Reply in Support of their Motion to Dismiss [ECF #44] as follows:

The Corizon Defendants sought dismissal on the following arguments:

1. The claim against Jorge-Caraballo is dismissible because he provided adequate medical care in a constitutional sense;

2. The claim against Loznicka is dismissible because the Complaint contains no factual allegations against this Defendant; and

3. The constitutional claims against Corizon are too vague and amorphous regarding policies, and the state law claims fail because Salvani did not satisfy a condition precedent by providing presuit notice.

Salvani begins his response with a dissertation on shotgun pleadings. It is an argument unmade in the Motion. Later, Salvani, in a footnote, states that "[i]t is worth noting that the litany of cases cited by Corizon are primarily district court cases which are not binding, do not stand for clearly established law, and are not the law of this Circuit." The undersigned has no idea what motion Salvani read to come to these conclusions, but it is not the one up for discussion.

The essential problem with Salvani's response is that he does not specifically respond. Instead, he filed a word salad of disjunctive and shuffled arguments that are in no manner responsive to the issues raised in the Motion. For instance, in a single paragraph, Salvani cites to more than 100 paragraphs of the Complaint to show "Corizon was involved in the medical care of Mr. Salvani and was responsible for knowing that at the time he was brought to RMC Lake Butler that he had a serious medical condition. . . Corizon failed to respond. . . and each

defendant is alleged to know about this" [ECF #45, pp.2-3].  He uses the same approach when briefly discussing the content of the claims [ECF #45, p. 4] (vaguely directing the undersigned and the Court to another 157 paragraphs). Salvani makes no effort to provide direction as to how these hundreds of paragraphs respond to the arguments in the Motion.  Apparently, the Court is to sift through the massive Complaint to determine what Salvani is trying to say.

When Salvani finally addresses the Motion, he begins with "The individual claims of deliberate indifference set forth factual allegations. . . ."  however, his argument quickly devolves into "Corizon knew. . . ."  Corizon's knowledge of a serious medical need is not an issue, as it can only be sued on a constitutional theory for unconstitutional customs or policies.  The individual Defendants must be aware of a serious medical need.  Salvani never separates these distinct pleading requirements.  Instead, he continues to a rash of disjunctive quotes from cases. This continues for six mostly-meaningless pages [ECF #45, pp. 10-15].  Next, Salvani dedicates a paragraph, though a long one, to what is contained in the three counts against the individual Corizon Defendants, but this paragraph, like much of the Complaint, is pure conclusion [ECF #45, pp. 15-16].

At last, Salvani gets to the constitutional claim against Corizon, but again references only the counts, which, of course, contain only conclusions [ECF #45, pp. 16-19].

Salvani makes no attempt, anywhere in his 21-page response, to directly address the arguments made in the Motion. Those arguments were simple: either he pled away his claim against Jorge-Caraballo, or the Complaint contains insufficient, non-conclusory factual allegations to support the claims. The same failure is evident in the Complaint. In both, he conflates the standards for suing corporations and individuals and refuses to support argument with fact. As a result, the Complaint should be dismissed.

Salvani does not address the state law claims, so the Motion regrading those claims should be considered unopposed.

> By:    /s/ Gregg A. Toomey
>        Gregg A. Toomey
>        Florida Bar No. 159689

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 29th day of May, 2018, I filed the foregoing with the Clerk of the Court using the CM/ECF System, and will send a copy of the foregoing via U.S. Mail and/or electronically to the following:

J. Alistair McKenzie
*Attorneys for Plaintiff*
McKenzie Law Firm, P.A.
905 E. Hatton Street
Pensacola, FL 32503
Phone: 850-432-2856
Fax: 850-202-2012
Email: amckenzie@mckenzielawfirm.com

Robert E. Paradela
Lori B. Lewellen
*Attorneys for Defendant Townsend*
Wicker Smith
515 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301-4250
Phone: 954-467-6405
Fax: 954-760-9353
Email: rparadela@wickermsith.com

llewellen@wickersmith.com

M. Katherine Hunter, Esq.
Alexander Dombrowsky
*Attorneys for Defendants Wexford, Castillo, Howard, Blair, Cooper and Hernandez*
Chimpoulis, Hunter & Lynn, P.A.
150 South Pine Island Road, Suite 510
Plantation, FL 33324
Phone: 954-463-0033
Fax: 954-463-9562
Email: khunter@chl-law.com; and
adombrowsky@chl-law.com

THE TOOMEY LAW FIRM LLC
*Attorneys for Defendants Corizon, Jorge-Caraballo and Loznicka*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone:  239.337.1630
Fax:  239-337.0307
Email:  gat@thetoomeylawfirm.com, alr@thetoomeylawfirm.com, and hms@thetoomeylawfirm.com

By:     /s/ Gregg A. Toomey
        Gregg A. Toomey
        Florida Bar No. 159689