UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CRAIG SALVANI,

    Plaintiff,

v.                                          Case No: 1:17-cv-24567-RNS

CORIZON HEALTH, INC., JOSUE
JORGE CARABALLO, M.D., J.
TOWNSEND, L.P.N., STEPHANIE G.
LOZNICKA, R.N., WEXFORD HEALTH
SOURCES, INC., MARTA CASTILLO,
M.D., and ESTHER MATHURIN, A.R.N.P.,

    Defendants.
_____/

**DEFENDANT CORIZON HEALTH, INC.'S ANSWER,
AFFIRMATIVE DEFENSES AND JURY DEMAND TO
PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant Corizon Health, Inc. ("Corizon") files this Answer, Affirmative Defenses and Jury Demand to Plaintiff's Second Amended Complaint ("Complaint") [ECF #52] as follows:

1.    Corizon denies all allegations contained in the Complaint unless specifically admitted herein, and demands strict proof of all denied allegations.

2.    Corizon admits that jurisdiction and venue are appropriate as stated in paragraphs 3 and 4 of the Complaint.

3. Corizon admits the allegations in paragraph 9 to the extent that it contracted to provide medical services in certain Florida prisons from roughly September 2013 until May 2016, including the Regional Medical Center.

4. Corizon admits the allegations contained in paragraph 13 to the extent that Defendant Josue Jorge Caraballo is a physician and was a Corizon employee at the Regional Medical Center.

5. Corizon admits the allegations in paragraph 15 to the extent that Defendant Stephanie Loznicka is a registered nurse and was a Corizon employee at the Regional Medical Center.

6. Corizon admits the allegations in paragraph 18 to the extent that it contracted to provide medical services in certain Florida prisons from roughly September 2013 until May 2016, including the Regional Medical Center.

7. Corizon admits the allegations in paragraph 19 to the extent that it is a state actor for the purposes of suits brought through Section 1983.

8. Corizon admits the allegations contained in paragraph 20 to the extent that it used a utilization management program while providing services according to its contract with the Florida Department of Corrections.

9. Corizon admits the allegations in paragraph 48 to the extent that the Plaintiff was incarcerated at the Regional Medical Center, a prison hospital at different times during his incarceration.

10. Corizon admits the allegations in paragraph 49 to the extent that its employees provided medical care to inmates at the Regional Medical Center in February 2014.

## **AFFIRMATIVE DEFENSES**

1. As a first affirmative defense, Corizon states that the Plaintiff's claims amount to no more than a difference of opinion between him and the medical professionals providing him treatment, which is not actionable in a prisoner civil rights claim.

2. As a second affirmative defense, Corizon states that Plaintiff's claims amount to no more than a difference of opinion between him and medical professionals who provided him treatment, which is not actionable in a prisoner civil rights claim.

3. As a third affirmative defense, Corizon states that if the Plaintiff suffered any injury or damage, it was due in whole or in part to his own actions, including the use of injectable drugs.

4. As a fourth affirmative defense, Corizon states that if the Plaintiff suffered any injury or damage, it was due in whole or in part to the actions of third parties not under the control of Corizon and its liability, if any, should be reduced in proportion to the actions of those third parties.

5. As a fifth affirmative defense, Corizon states that all decisions made regarding the Plaintiff's treatment were in accordance with sound medical and mental health practices and were the result of the use of professional judgment. Therefore, those actions cannot form the basis of a prisoner civil rights claim brought pursuant to Section 1983.

6. As a sixth affirmative defense, Corizon states that the allegations in the Complaint sound in medical malpractice, which is not an appropriate basis for a prisoner civil rights claim.

7. As a seventh affirmative defense, Corizon states that if any injury or damage was sustained by the Plaintiff, some or all of it was based upon a pre-existing and/or congenital and/or hereditary condition which is not the responsibility of Corizon, and the Plaintiff is not entitled to any recovery based upon any injuries or damages sustained as a result of that condition.

## JURY DEMAND

Corizon demands trial by jury on all issues so triable.

By: __/s/ Gregg A. Toomey__
Gregg A. Toomey
Florida Bar No. 159689

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of December, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send the foregoing to the following:

J. Alistair McKenzie
*Attorneys for Plaintiff*
McKenzie Law Firm, P.A.
905 E. Hatton Street
Pensacola, FL 32503
Phone: 850-432-2856
Fax: 850-202-2012
Email:
amckenzie@mckenzielawfirm.com
Marcie@mckenzielawfirm.com

Mary Katherine Hunter
Alexander Dombrowsky
*Attorneys for Defendants Wexford, Castillo and Mathurin*
Chimpoulis Hunter & Lynn
150 South Pine Island Road, Suite 510
Plantation, FL 33324
Phone: 954-463-0033
Fax: 954-463-9562
Email: khunter@chl-law.com;
adombrowsky@chl-law.com

Robert E. Paradela
Lori B. Lewellen
*Attorneys for Defendant Townsend*
Wicker Smith Tutan O'Hara McCoy Graham & Ford
515 E. Las Olas Boulevard
Suite 1400 Suntrust Bank
Fort Lauderdale, FL 33301
Phone: 954-467-6405
Fax: 954-760-9353
Email: rparadela@wickersmith.com;
llewellen@wickersmith.com

THE TOOMEY LAW FIRM LLC
*Attorneys for Defendants Corizon Loznicka and Caraballo*
The Old Robb & Stucky Building
1625 Hendry Street, Suite 203
Fort Myers, FL  33901
Phone: 239.337-1630
Fax:  239-337-0307
Email:  gat@thetoomeylawfirm.com;
alr@thetoomeylawfirm.com;
hms@thetoomeylawfirm.com

By:   /s/ Gregg A. Toomey
      Gregg A. Toomey
      FL Bar No: 159689